UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO: 5:11-cr-125-JMH-EBA-4
Related Civil Nos. 5:17-cv-168-JMH-EBA
                5:14-cv-7347-JMH-JGW

UNITED STATES OF AMERICA,                                           PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S**
                      **REPORT AND RECOMMENDATION**

DAMAR ARNELL HORTON,                                      DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

On July 16, 2012, after pleading guilty to Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 842(a)(1), Defendant Damar Horton was sentenced to 128 months imprisonment. [R. 157]. On May 2, 2014, he filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255, raising jurisdictional objections [R. 189], but that petition was denied on June 24, 2014. [R. 199]. Horton's Motion to Reduce Sentence was then denied by the District Court, [R. 213], as was his subsequent Motion to Modify Sentence under 18 U.S.C. § 3582(c)(2). [R. 230].

This matter is now before the undersigned on Defendant's second *pro se* Motion to Vacate under 28 U.S.C. § 2255. [R. 236]. Though he previously filed a § 2255 habeas petition, [R. 189], which was addressed and denied on its merits, Defendant has now filed a second, successive Motion to Vacate under 28 U.S.C. § 2255. [R. 236]. His present motion argues that he is not a career offender because he lacks two prior convictions for either a crime of violence or a controlled substance offense (arguing that his wanton endangerment conviction is not a crime of violence), [id. at 4]; [R. 236-1 at 4], and further argues that the sentencing guidelines were improperly treated as mandatory by the Court rather than advisory. [Id. at 236]. Where Defendant has not been authorized to file a successive § 2255 petition as required, the undersigned recommends that this matter be transferred to the Sixth Circuit Court of Appeals.

This Court lacks authority for review of this second, successive petition for collateral relief, as Defendant has not received Sixth Circuit authorization to present a successive petition asserting his collateral claims. 28 U.S.C. § 2244(b)(3)(A) requires that, before a district court can consider a second or successive habeas petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. In reviewing this portion of AEDPA, the Supreme Court has noted:

> [AEDPA] requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b).

Felker v. Turpin, 518 U.S. 651, 664 (1996). The Supreme Court held: "under AEDPA, [a petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it." Burton v. Stewart, 127 S. Ct. 793, 796 (2007). Defendant has not been granted authorization for a successive petition under § 2244(b)(3)(A). Accordingly, having considered the matter fully, and being otherwise sufficiently advised,

The undersigned hereby RECOMMENDS that this matter be TRANSFERRED to the Sixth Circuit pursuant to 28 U.S.C. § 1631, for a determination of whether Defendant should be granted authorization to file a second or successive § 2255 petition. [R. 236].

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may

file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 25, 2017.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge