```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                   **CENTRAL DIVISION AT LEXINGTON**
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:11-125-JMH |
| v. | ) | |
| | ) | |
| DAMAR ARNELL HORTON, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Edward B. Atkins [DE 238]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant's second Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 236]. In his Report and Recommendation, the Magistrate Judge recommends that the Court transfer this motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Defendant should be granted authorization to file a second or successive § 2255 petition. Defendant has filed Objections [DE 239] to that Report and Recommendation, and this matter is ripe for consideration. For the reasons stated below, the Court accepts and adopts the recommendation of the Magistrate Judge.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Recommended Disposition, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005)).

**III.**

The Court accepts and adopts the Magistrate Judge's

Recommendation that this matter be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Defendant should be granted authorization to file a second or successive § 2255 petition. In reaching this decision, the Court declines to consider Horton's motion as one made under 28 U.S.C. § 2241, which is not subject to the general rule against second or successive motions, as he requests, in the absence of newly discovered evidence or a new rule of constitutional law.

It is clear from the face of his petition that Horton is attacking the imposition of his sentence rather than the execution of it. Under such a circumstance, a prisoner must seek relief under 28 U.S.C. § 2255 rather than pursuant to § 2241. *See* 28 U.S.C. § 2255(a). Nonetheless, citing *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), Horton asks this Court to use the savings clause of § 2255(e) to permit him to challenge his sentence in light of *Deschamps v. United States*, 133 S.Ct. 2276 (2013), and its progeny via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Hill*, 836 F.3d at 599-600. But the Court is not bound by the *Hill* decision as it was contrary to an earlier published panel decision from the same court.[1] *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

---

1 A published prior panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification

The touchstone of the *Hill* decision was that the Supreme Court in *Deschamps v. United States*, 133 S.Ct. 2276 (2013), announced a rule that is both new and retroactive. *Hill*, 836 F.3d at 595. But the Sixth Circuit earlier had said that *Deschamps* is actually an old rule. *See United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Deschamps* explained that it was not announcing a new rule, but was simply reaffirming an existing approach."). Indeed, in *Deschamps* the Supreme Court never wrote that it was creating a new rule, let alone a retroactive one. *See Deschamps*, 133 S.Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case.").

Viewing this matter through the lens of § 2255, the Court lacks authority for review of Horton's second, successive petition for collateral relief, as Defendant has not received Sixth Circuit authorization to present a successive petition asserting his

---

of the decision or this Court sitting en banc overrules the prior decision." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (quoting *Salmi v. Sec'y of Health & Human Servs.*,774 F.2d 685, 689 (6th Cir. 1985)); *see also United States v. Ritchey*, 840 F.3d 310, 316 (6th Cir. 2016) (quoting *Susan B. Anthony List v. Driehaus*, 814 F.3d 466, 471 (6th Cir. 2016)) (explaining that a prior published decision binds a later panel of the United States Court of Appeals for the Sixth Circuit "unless it is overturned by the Supreme Court or overruled en banc, but departure is also warranted if 'an inconsistent [ruling] of the United States Supreme Court requires modification of the decision.'"); 6 Cir. R. 32.1(b) ("Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc.").

collateral claims. 28 U.S.C. § 2244(b)(3)(A) requires that, before a district court can consider a second or successive habeas petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. The undersigned accepts that "under AEDPA, [a petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it." *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

Accordingly, **IT IS ORDERED** that the Clerk shall **TRANSFER** this matter to the Sixth Circuit pursuant to 28 U.S.C. § 1631, for a determination of whether Defendant should be granted authorization to file a second or successive § 2255 petition.

This, the 13th day of July, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge